IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| THE HANOVER INSURANCE | § | |
| COMPANY | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:19-CV-00005 |
| | § | |
| COASTAL ENVIRONMENTAL | § | |
| GROUP, INC.; TIGUA, INC. AND | § | |
| SUBSIDIARIES; ENVIROWORKS, LLC; | § | |
| COASTAL-ENVIROWORKS JOINT | § | |
| VENTURE; and RICHARD C. SILVA | § | |
| *Defendants.* | § | |

## THE HANOVER INSURANCE COMPANY'S ORIGINAL COMPLAINT

Plaintiff, The Hanover Insurance Company (the "Surety") hereby complains of Defendants Coastal Environmental Group, Inc.; Tigua, Inc. and Subsidiaries; Enviroworks, LLC; Coastal-Enviroworks Joint Venture; and Richard C. Silva (collectively, the "Indemnitors") as follows:

**I.**
### SUMMARY

This dispute arises from Coastal Environmental Group, Inc.'s (the "Principal") failure to submit payment for invoices relating to projects that were bonded by the Surety. The Surety, in reliance on certain promises made by the Indemnitors in a December 1, 2015, Agreement of Indemnity, issued various construction Surety bonds on behalf of the Principal. Under the Agreement of Indemnity, the Indemnitors promised to hold the Surety harmless for any losses the Surety sustained as a result of issuing bonds on behalf of the Principal. The Surety has suffered losses as a result of issuing bond on behalf of the Principal. Despite demand, the Indemnitors have failed to indemnify and hold the Surety harmless from loss resulting from their breaches.

The Surety has brought this action against the Indemnitors for breach of the indemnity agreement and other legal relief. The Surety also seeks a temporary restraining order and preliminary injunction to obtain specific performance of the parties' indemnity agreement by the Indemnitors; namely, an order compelling the Indemnitors to post $160,000 of collateral.

## II.
### PARTIES

1.      The Surety is a Delaware corporation with its principal place of business in Worcester, Massachusetts.  The Surety is authorized to conduct business in the State of Texas.

2.      Defendant Coastal Environmental Group, Inc., ("Coastal" and/or "Principal") is a Nebraska corporation with its principal place of business in Patchogue, New York and may be served with process through its registered agent: Cogency Global Inc., 5601 S. 59th Street, Suite #C, Lincoln, NE 68516, or wherever its registered agent may be found.

3.      Defendant Tigua, Inc., and Subsidiaries ("Tigua") is a Texas corporation with its principal place of business located at 9180 Socorro Road, El Paso, Texas 79907 and may be served with process through its registered agent: Anna Perez, who is believed to be located at 119 S. Old Pueblo Road, El Paso, TX 79907 or wherever its registered agent may be found.

4.      Defendant Enviroworks, LLC, ("Enviroworks") is a Nebraska limited liability company with its principal place of business located at 5934 S 25th Street, Omaha, Omaha County, NE 68107, and may be served with process through its registered agent: Marcos A. Mateus, who is believed to be located at 5934 S. 25th Street, Omaha, NE 68107, or wherever its registered agent may be found.

5.      Defendant Coastal-Enviroworks Joint Venture ("Coastal-Enviroworks") is a New York co-operative enterprise with its principal place of business located at 264 Sills Road, Suite #A, Patchogue, Suffolk County, NY 11772. Coastal-Enniroworks may be served with process

through its registered agent: Rick Silva, who is believed to be located at 250 Executive Dr., Suite #K, Edgewood, NY 11717, or wherever its registered agent may be found. Coastal-Enviorworks is a commercial organization comprised of two business entities: Coastal Environmental Group, Inc., and Enviroworks, LLC.

6.      Defendant Richard C. Silva ("Silva"), is an individual citizen of the State of New York and may be served with process at his residence located at 41 Fisher Ave., Islip Terrace, Suffolk County, New York 11752 or wherever he may be found.

### III.
### JURISDICTION

7.      The jurisdiction of this Court over the subject matter of this action is predicated on 28 U.S.C. § 1332.   The parties are diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### IV.
### VENUE

8.      Venue is proper in this district under 28. U.S.C. § 1391(b)(2), in that a substantial part of property that is the subject of the action is situated in Texas.  Furthermore, the Indemnitors have consented to jurisdiction pursuant to the terms of the General Indemnity Agreement in any jurisdiction in which (a) the Surety may sustain any loss for which Indemnitors may be liable; and/or (b) any assets of any Indemnitors may be located.  Moreover, Tigua Enterprises, Inc. waived sovereign immunity and specifically consented to venue and jurisdiction (both subject matter and personal) of this Court.

## V.
### FACTUAL BACKGROUND

**A.**      **The Indemnitors Executed an Agreement of Indemnity in Favor of the Surety**

9.      The Principal is a contracting firm. The Principal approached the Surety to issue performance and payment bonds in connection with various construction projects throughout the County.

10.      The Surety required indemnity prior to issuance of any bond.

11.      This indemnity requirement was met by the Indemnitors' execution of a *General Agreement of Indemnity* in favor of the Surety, dated December 1, 2015 (the "Indemnity Agreement"). A true and correct copy of the Indemnity Agreement is attached hereto as Exhibit "1" and fully incorporated herein by reference for all purposes.

**B.**      **Promises Made by the Indemnitors in the Indemnity Agreement**

   ***i.***      ***Indemnify and Hold the Surety Harmless***

12.      The Indemnitors agreed to indemnify the Surety against any loss, cost, and expense incurred by the Surety as a result of issuing any bonds on behalf of the Indemnitors:

> The Indemnitors shall exonerate, indemnify, keep indemnified and hold harmless the Surety from and against any and all liability, demands, losses, claims, suits, judgments, fees, costs and expenses of whatsoever kind or nature (including, but not limited to pre and post-judgment interest, court costs, consultant and counsel fees and expenses) which the Surety may pay, sustain or incur . . .

Ex. "1" at § 2.

   ***ii.***      ***Provide the Surety with Access to the Indemnitors' Books and Records***

13.      The Indemnitors also agreed to provide the Surety, upon notice, with access to the Indemnitors' books and records "until the liability of the Surety under any Bonds is completely terminated, and the claims of the Surety against any Indemnitors are fully satisfied." Ex. 1 at § 9.

### iii.     *Surety's Entitlement to Injunctive Relief to Enforce the Indemnity Agreement*

14.     The Indemnitors "agree[d] that the Surety shall be entitled to injunctive relief for specific performance of any or all of the obligations of Indemnitors under this Agreement[.]" Ex. "1" at § 3.

## C.     Bonds Issued by the Surety on Behalf of Principal

15.     Relying upon the promises contained in the Indemnity Agreement and as requested by Principal, the Surety issued the following performance and payment bonds (collectively, the "Bonds"):

| Bond No. | Project | Obligee | Penal Sum |
|---|---|---|---|
| BCY1042342 | Lead Soil Removal | USA, US Environmental Protection Agency Region 7 | $1,984,024.86 |
| BCY1042360 | Goethals Bridge Replacement Project – Elizabeth, NJ and Staten Island, NY | Kiewit-Weeks-Massman, AJV | $271,882.10 |
| BCY1053986 | Garvey Elevator Remedial Action – Hastings, NE | USA, US Environmental Protection Agency Region 7 | $573,671 |
| BCY1053998 | Order No 0022 – Toe Road and Bike Path | US Army Corps of Engineers | $233,865.09 |

## D.     The Surety Receives Claims on the Bonds

16.     After execution of the Bonds, the Surety received numerous claims on the Bonds alleging that the Principal was not making payments to its subcontractors and suppliers.  To date, there is $155,771.52 in outstanding claims that the Surety has received—all of which are from the Lead Soil Removal Project.

17.     In light of the claims and losses the Surety will incur under the Bonds, the Indemnitors have an obligation under the Indemnity Agreement to indemnify the Surety from any loss, exonerate the Surety from all asserted liability, and post collateral to cover losses of the Surety.

**E.**     **The Indemnitors Have Failed to Fulfill Their Obligations Under the Indemnity Agreement**

18.     Because the Surety received claims, the Indemnitors became obligated to indemnify the Surety.

19.     In order to exonerate the Surety from loss and to cover its exposure and/or liability for loss, the Surety demanded that the Indemnitors deposit collateral with the Surety pursuant to the terms of the Indemnity Agreement.  A true and correct copy of the collateral demand is attached hereto as Exhibit "2" and fully incorporated by reference herein.[1]

20.     The collateral demand gave the Indemnitors until April 13th, 2018, to post $160,000 of collateral with the Surety.

21.     The indemnitors have failed and/or refused to post collateral with the Surety, which is a breach of the Indemnity Agreement.

**F.**     **Conditions Precedent**

22.     All conditions precedent to recovery by the Surety from each of the Indemnitors has occurred or has been performed.

**VI.**
**CAUSES OF ACTION**

*Count I*
*Breach of Indemnity Agreement*

23.     The Surety incorporates herein by reference, as if fully set forth, the allegations contained in the preceding paragraphs.

24.     The Indemnitors are jointly and severally liable to the Surety under the Indemnity Agreement for all losses the Surety has incurred, and will incur, on the Bonds.

---

[1] The Surety has demanded collateral on multiple occasions.  To date, no collateral has been posted.

ORIGINAL COMPLAINT                                                                                          **Page 6**

### Count II
### *Exoneration*

25.     The Surety incorporates herein by reference, as if fully set forth, the allegations contained in the preceding paragraphs.

26.     The Indemnitors are jointly and severally liable to the Surety under the Indemnity Agreement for all amounts necessary to exonerate the Surety from liability asserted against it.

### Count III
### *Collateralization/Quia Timet*

27.     The Surety incorporates herein by reference, as if fully set forth, the allegations contained in the preceding paragraphs.

28.     The Indemnitors are jointly and severally liable to the Surety under the Indemnity Agreement for any amount of collateral necessary to cover all anticipated losses of the Surety under the Bonds.

### Count IV
### *Specific Performance of Indemnity Agreement*

29.     The Surety incorporates herein by reference, as if fully set forth, the allegations contained in the preceding paragraphs.

30.     The Surety requests that the Court compel the Indemnitors to deposit $160,000 of collateral with the Surety pursuant to Section 3 of the Indemnity Agreement.

### Count V
### *Recovery of Attorneys' Fees and Expenses*

31.     The Surety incorporates herein by reference, as if fully set forth, the allegations contained in in the preceding paragraphs.

32.     The Surety is entitled to recover its attorneys' fees and expenses from Indemnitors under Section 2 of the Indemnity Agreement.

33.     Additionally, and alternatively, the Indemnitors are obligated to reimburse the Surety for its reasonable attorneys' fees incurred in the bringing of this complaint under Section 38.001, *et seq*. of the Texas Civil Practice & Remedies Code.

## VI.
### REQUEST FOR RELIEF

WHEREFORE, Plaintiff The Hanover Insurance Company requests that the Indemnitors be cited to appear and answer herein and, upon final trial thereof, that the Surety receive:

1.     Judgment against the Indemnitors, jointly and severally, in the amount of damages incurred by the Surety;

2.     Judgement against the Indemnitors, jointly and severally, for amounts necessary to exonerate the Surety from all liability asserted against it;

3.     Specific performance of Section 3 of the Indemnity Agreement requiring the Indemnitors to post collateral;

4.     Attorneys' fees and expenses;

5.     Pre-judgment and post judgment interest at the maximum rate permissible at law or in equity;

6.     Costs of court; and

7.     Such other and further relief to which the Surety is justly entitled.

Respectfully submitted,

**LANGLEY LLP**

By: */s/ Brandon K. Bains*
Brandon K, Bains – Attorney in Charge
State Bar No. 24050126
William B. Beasley III
State Bar No. 24093762
1301 Solana Blvd.,
Building 1, Suite 1545
Westlake, TX 76262
(214) 722-7171
(214) 722-7161
bbains@l-llp.com
wbeasley@l-llp.com

**ATTORNEYS FOR THE HANOVER
INSURANCE COMPANY**